UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: | ) Case No.: 12-27482 |
| LUDIVINA PAVEY, | ) |
| Debtor. | ) JUDGE Jack B. Schmetterer |
| LUDIVINA PAVEY, | ) |
| Plaintiff. | ) ADV. NO. 12-01680 |
| v. | ) |
| Wells Fargo Bank, NA, | ) JUDGE Jack B. Schmetterer |
| Defendant. | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against WELLS FARGO BANK, NA, the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiff filed a petition for relief under Chapter 13 of the United States Code (the "Bankruptcy Code") on July 10, 2012.

2. Defendant WELLS FARGO BANK, NA, is a lending institution having a mailing address Wells Fargo Bank, N.A., Home Equity Group, 1 Home Campus X2303-01A, Des Moines, IA 50328-0001, for matters related to Bankruptcy Real Estate.

3. This adversary proceeding arises under sections 502 and 506 of the Bankruptcy Code.

4. This Court has jurisdiction under 28 U.S.C. 1334.

5. Plaintiff LUDIVINA PAVEY is the owner of real estate located at 3937 North

Ridgeway Avenue, Chicago, IL 60618 (hereinafter the "Subject Real Estate"), PIN: 13-23-104-011-0000.

6. The Subject Property is Plaintiff's primary residence.

7. The fair market value of the Subject Property is $360,600.00.

8. A first mortgage lien is currently held by HSBC Bank USA, National Association, as Trustee for the holders of Deutsche Alt-A Securities Mortgage Loan Trust, Series 2005-5, in the amount of $397,126.47 according to a proof of claim filed on November 19, 2012.

9. Defendant's second mortgage is in the amount of $95,423.44, according to their proof of claim filed on September 19, 2012.

10. Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim and Defendant's lien is void to the extent it is not allowed a secured claim.

11. The amount owed on the first mortgage, $397,126.47, exceeds the value of the above real estate, $360,600.00.

12. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be avoided and stripped off the Subject Property upon completion of the underlying Chapter 13 Plan. See In re Pence, 905 F.2d 1107 (7th Cir. 1990); Holloway v. U.S., 2001 WL 1249053 (N.D.Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D.Ill. 2002); In Re McDonald, 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000); In re Mann, 249 B.R. 831 (1st Cir. BAP 2000); In re Pond, 252 F.3d 1222 (2nd Cir. 2001).

WHEREFORE, for the foregoing reasons, a judgment of default shall be entered in favor of Plaintiff and against Defendant WELLS FARGO BANK, NA, stripping the Defendant's second mortgage on the Plaintiff's real estate located at 3937 North Ridgeway Avenue, Chicago, IL 60618.

Respectfully Submitted,
/s/ Richard Fonfrias
Attorney for the Plaintiff

Richard Fonfrias 6237079
Fonfrias Law Group, LLC.
70 West Madison Suite 1400
Chicago, IL 60602
312-969-0730

1/3/13

JAN 0 3 2013